IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **KENDA PALMER,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )  Civil Action No. 1:11-0566 |
| | ) |
| **MYRON BATTS, Warden,** | ) |
| **FPC Alderson,** | ) |
| | ) |
| **Respondent.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On August 19, 2011, Petitioner acting, *pro se* and incarcerated at FPC Alderson, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Memorandum in Support. (Document Nos. 1 and 2.)[1] Petitioner basically contends that the Bureau of Prisons [BOP] is acting contrary to the Second Chance Act of 2007 by not considering inmates for designation to Residential Reentry Center [RRC] placement for periods of time longer than six months. (Document No. 2.) Petitioner contends that, notwithstanding Congress' amendment of 18 U.S.C. § 3624(c) under the Second Chance Act of 2007 extending the maximum period of time when the Bureau of Prisons is required to hold a prisoner at the end of her term of incarceration "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner into the community"from six to twelve months, the Bureau of Prisons has nevertheless implemented a policy and practice of authorizing no inmate more than a 6 month RRC placement. (Id.) Referring to the BOP's April 14 and November 14, 2008, Memoranda, Petitioner contends that the BOP has

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

established policies and procedures inconsistent with Congress' direction in enacting the Second Chance Act by creating a presumption that no inmate will be designated to more than six months in a RRC. (Id., pp. 6 - 16.) Construing Petitioner's documents liberally as the Court must, the undersigned finds that Petitioner is claiming that under BOP policies, the BOP will not consider and designate her for RRC placement for a period of time longer than six months when she is entitled to such consideration and designation for a period of time up to twelve months under Section 3624(c). (Id.) Further, Petitioner requests that the Court "waive the Administrative Remedy requirement" because the "BOP administrative remedy procedures routinely take five months, or longer, to exhaust." (Id., p. 11.) Petitioner requests that the Court order the BOP to use twelve months as the basis for considering her RRC placement. (Id., pp. 15 - 16.)[2]

## DISCUSSION

In considering an inmate's petition for *habeas* relief under 28 U.S.C. § 2241, the Court must determine whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975).

---

[2] On December 21, 2010, Petitioner pled guilty in the United States District Court for the Eastern District of Virginia to one count of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349. *United States v. Palmer*, Case No. 4:10-cr-00113 (E.D.Va. May 10, 2011), Document No. 45. On May 10, 2011, the District Court sentenced Petitioner to a 48-month term of imprisonment. *Id.*, Document No. 72. The District Court also imposed a five year term of supervised release and imposed restitution in the amount of $45,052.90. *Id.* On January 30, 2012, Petitioner filed a Motion to Amend. *Id.*, Document No. 79. By Order dated on February 1, 2012, the District Court denied Petitioner's Motion. *Id.*, Document No. 81. Petitioner did not appeal her conviction or sentence.

On February 8, 2012, Petitioner filed in the Eastern District of Virginia her Section 2255 Motion. *Id.*, Document No. 82. The United States filed its Response on August 15, 2012. *Id.*, Document No. 93. By Order entered on August 26, 2013, the District Court denied Petitioner's Section 2255 Motion. *Id.*, Document No. 97.

**1.      Exhaustion Requirement:**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 F. Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve her complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the

circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

  Petitioner indicates that she did not exhaust her administrative remedies prior to initiating this action. Exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that exhaustion should not be excused simply because an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full 12 month RCC placement. See Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip

4

copy)(finding that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark"); Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy); also see Yannucci v. Stansberry, 2009 WL 2421546, * 3 (E.D.Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his [RRC] claims"); and Garrison v. Stansberry, 2009 WL 1160115, * 3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims"). Based on the foregoing, the undersigned finds that Petitioner did not exhaust and is not excused from exhausting administrative remedies and her Petition should be dismissed.

    2.    **Application of 18 U.S.C. §§ 3621(b) and 3624(c).**

Notwithstanding the foregoing, the undersigned will briefly consider the merits of Petitioner's claim. Pursuant to 18 U.S.C. § 3621, the BOP has authority to designate a prisoner's place of imprisonment. Section 3621(b) provides five factors to be considered by the BOP in determining a prisoner's placement:

    (1) the resources of the facility contemplated;

    (2) the nature and circumstances of the offense;

    (3) the history and characteristics of the prisoner;

    (4) any statement by the court that imposed the sentence -

        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

>    (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3624(c) provides that a prisoner may be granted pre-release custody to serve a portion of his sentence in the community, such as on home confinement or in a RRC. See 18 U.S.C. § 3624. Section 3624(c)(1) governs pre-release RRC placement. As amended by the Second Chance Act of 2007, Section 3624(c)(1) provides as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The Second Chance Act required the BOP to issue new regulations to ensure that RRC placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22. Section 570.21(a) provides that a prisoner's maximum allowable time in a RRC placement is 12 months. The regulations, however, do not set any minimum amount of time that a prisoner must spend in a RRC. Section 570.22 provides that the BOP will make RRC placement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." The 12 month RRC period is a statutory maximum, and it is not mandatory that prisoners receive 12 months in RRC placement. See 18 U.S.C. § 3624(c); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (3rd Cir. 2005)(providing that in exercising its discretion in determining when an inmate should be transferred to a RRC, the BOP must consider the five factors set forth in Section 3621(b) and

stating that "that the BOP may assign a prisoner to a CCC does not mean that it must."). On April 14, 2008, the BOP issued a Memorandum stating that the Regional Director's approval is required for RRC placements beyond six months. Specifically, the Memorandum provides as follows:

> While the Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

(Civil Action No. 5:10-0352, Document No. 2, p. 6.) The April 14, 2008, Memorandum further provided that "[b]ecause the Act increases the maximum available pre-release RRC placement timeframe to 12 months, Bureau staff must review inmates for pre-release RRC placement earlier than provided in PS 7310.04. Specifically, inmates must now be reviewed for pre-release RRC placement 17 - 19 months before their projected release dates." 18 U.S.C. § 3624(c)(4) provides that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." Accordingly, "it is within the sole discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long." Garrison v. Stansberry, 2009 WL 1160115, *4 (E.D.Va. 2009)(citations omitted). Therefore "the Court only has authority to review whether the BOP properly reviewed Petitioner's case on an individualized basis and followed § 3621(b)'s five factors." Id.

     In her Petition, Petitioner merely speculates that the BOP will deny her 12 months RRC placement. There, however, is no allegation that the BOP has even considered Petitioner for RRC placement. Furthermore, Petitioner does not claim that the BOP failed to consider the five factors set forth in Section 3621(b) or failed to determine her RRC placement on an individualized basis. Accordingly, Petitioner's Section 2241 Petition should be denied as she does not allege she is in

7

custody in violation of the Constitution or laws of the United States.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Document Nos. 1 and 2.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this

Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: May 21, 2014.

R. Clarke VanDervort
United States Magistrate Judge